IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRA L. O'BRIEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 24-CV-2432-SMY |
| | ) |
| DECATUR CORRECTIONAL CENTER, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Kendra O'Brien, an Illinois Department of Corrections state prisoner, filed this *habeas corpus* action under 28 U.S.C. § 2254 to challenge her state convictions. O'Brien, currently incarcerated at Decatur Correctional Center, is challenging three convictions from White County, Illinois (Doc. 1): aggravated battery in 2019CF140; methamphetamine delivery in 2020CF9; and failure to return from furlough in 21CF107.

On November 16, 2022, O'Brien filed a petition under 28 U.S.C. § 2254 to contest these same convictions. *O'Brien v. State of Illinois*, No. 3:22-CV-2685-NJR, 2023 WL 2770053 (S.D. Ill. Apr. 4, 2023). The court dismissed her petition without prejudice because O'Brien had not exhausted her state remedies. O'Brien filed the instant Petition on November 5, 2024.

## Discussion

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A petitioner may not file a federal *habeas* petition until she has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerkel*, 526 U.S. 838, 839 (1999). Ordinarily, this includes raising every issue in the trial court and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. *See* 28 U.S.C. § 2254(b); *O'Sullivan*, 526 U.S. at 845; *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010).

It is clear from the state court record that O'Brien still has not exhausted her administrative remedies within the Illinois state court system; no appeals or motions for leave to appeal to the Illinois Supreme Court have been filed[1]. Accordingly, the Petition will be dismissed without prejudice to the claims being refiled, if necessary, after Petitioner has fully exhausted her claims in the state court.

### Disposition

Petitioner Kendra O'Brien's 28 U.S.C. § 2254 Petition is **DISMISSED** without prejudice for failure to exhaust state court remedies. The motion for recruitment of counsel (Doc. 4) is **DENIED** as moot. The Clerk is **DIRECTED** to close this case.

### Certificate of Appealability

For the reasons detailed above, no reasonable jurist would find it debatable whether this Court's ruling about O'Brien's failure to exhaust state court remedies is correct. Accordingly, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  February 5, 2025**

**STACI M. YANDLE**
**United States District Judge**

---

[1] The state court record is publicly available at https://www.judidi.com.